UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Quyen D. Lam, | ) | Case No. 18-04422 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | Hearing Date: October 30, 2018 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:            Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:    Estate

Date of Order Authorizing
Employment:                  February 19, 2018

Period for Which
Compensation is sought:      April 16, 2018 to Close of Case

Amount of Fees sought:       $ 1,550.00

Amount of Expense
Reimbursement sought:        $   0.00

This is an:    Interim Application __    Final Application __X__

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:  N/A  .

Dated: September 25, 2018            Joseph A. Baldi, Trustee of the Estate of
                                     Quyen D. Lam, Debtor

                                     By:    /s/Joseph A. Baldi, Trustee
                                            Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Quyen D. Lam, | ) | Case No. 18-04422 |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | Hearing Date: October 30, 2018 |
| | ) | Hearing Time: 10:30 a.m. |

**First and Final Application for Allowance and Payment of
Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the bankruptcy estate ("Estate") of Quyen D. Lam ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,550.00 as final compensation for services rendered as chapter 7 trustee in this case from April 16, 2018 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on February 19, 2018 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate held an interest in the non-exempt equity in a 2000 Honda Accord, a 2015 Toyota Sienna, and the Debtor's portion of his 2017 Tax Refund ("Property").

4. The bar date for filing claims in this case was August 9, 2018 for general unsecured creditors and August 20, 2018 for governmental units.

**Prior Compensation and Expense Reimbursement**

5. This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered or expenses incurred in this case.

## Services Rendered by Trustee

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

   A. Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs which were filed in support of Debtor's petition for bankruptcy relief. Trustee conducted an examination of the Debtor pursuant to Section 341 of the Code.

   B. Trustee analyzed the Estate's interest in the Property, the exemptions claimed by the Debtor and the non-exempt equity in the Property. After the Trustee's review, Trustee proposed an offer to the Debtor to purchase the non-exempt equity in the Property. Trustee negotiated with the Debtor and the Trustee settled with the Debtor to purchase the non-exempt equity in the Property for $8,000.00. Trustee directed his attorneys to prepare and file a motion to approve the sale of the Property back to the Debtor. Pursuant to this Court's order dated July 26, 2018 [Dkt. No. 22], the Trustee was authorized to sell the Estate's interest in the Property to the Debtor for the sum of $8,000.00. Thereafter, Trustee filed his Report of Sale pursuant to F.R.B.P. 6004(f) [Dkt. No. 27].

   C. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

   D. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

   E. Trustee examined, analyzed and verified proofs of claim filed against the

Estate;

   F. Trustee otherwise administered this Estate and directed the allocation, liquidation, and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $8,000.00 on behalf of the Estate. Trustee has made $15.00 in disbursements in this case as of the date hereof.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash Receipts and Disbursements Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee has spent 7.40 hours rendering services on behalf of this Estate with a value of $2,208.00. Trustee estimates that he will spend an additional three hours rendering services with a value of $820.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $1,550.00 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $3,000.00 | $ 300.00 |
| Total allowable compensation | $1,550.00 |

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a partial distribution to the Estate's general unsecured creditors. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12. Based upon the services rendered, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $1,550.00. The amount requested represents reasonable

compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession as part of his final distribution in this case.

### Status of the Case

15. The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Quyen D. Lam, debtor requests the entry of an order providing the following:

    A. Allowing to Trustee final compensation in the amount of $1,550.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from April 16, 2018 through the closing of this case;

    B. Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case, and

    C. For such other and further relief as this Court deems appropriate.

Dated: August 30, 2018

Joseph A. Baldi, as trustee of the estate of Quyen D. Lam, Debtor

By: /s/ _____
    Joseph A. Baldi

Joseph A. Baldi
20 N. Clark St., Suite 200
Chicago, IL 60602
(312) 726-8150

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg, Ltd.**
**20 N. Clark Street**
**Suite 200**
**Chicago, IL 60602**

**Phone:** (312) 726-8150
**Fax:** (312) 470-6323

**FEIN:** 36-4352753

**Invoice submitted to:**

September 4, 2018
Invoice No:   03089

Joseph A Baldi
Baldi Berg, Ltd.
20 North Clark Street
Suite 200
Chicago, IL 60602

**In Reference to:**   Lam, Q - Trustee Matters

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 4/16/2018 | JAB | Review email from Debtor's Counsel re: documentation on vehicle and analyzation of non-exempt assets (.1), Draft response email to Debtor's Counsel re: review of EQ in vehicle, give D option of settling or turning over vehicle for sale (.4) | 0.50 $450.00/ hr | $225.00 |
| 4/20/2018 | JAB | Draft email to D's Counsel requesting that vehicles are insured and provide proof of insurance | 0.20 $450.00/ hr | $90.00 |
| 4/25/2018 | JAB | Review email from D's Counsel re: analysis of eq in vehicle, issue with Tax Refund and NFS portion of refund, debtor's financial situation, offer settlement of $5500 (.2) | 0.20 $450.00/ hr | $90.00 |
| 4/27/2018 | JAB | Draft email to D's Counsel re: reject offer, request Debtor to file 2017 Tax Refund and provide copy, will intercept TRefund if necessary (.4) | 0.40 $450.00/ hr | $180.00 |
| 4/27/2018 | JMM | Review email from JAB to Debtor's counsel re: rejection of offer, request for info on tax refund (.1), Discuss case with JAB and file Asset Report (.1) | 0.20 $195.00/ hr | $39.00 |

# Baldi Berg, Ltd

9/04/2018

Lam, Q - Trustee Matters

Page 2

| | | | | |
|---|---|---|---|---|
| 5/22/2018 | JAB | Analyzed D's Counsel email from 5/2/18 re: offer of 7k (.1), Draft email response to D's Counsel re: reject offer of 7k, sent proposal of 8k for settlement of equity (.3) | 0.40<br>$450.00/ hr | $180.00 |
| 5/25/2018 | JAB | Review and analyze D's counsel email re: reject 8k offer, propose settlement of 7k re: citing client's financial situatio (.1) | 0.10<br>$450.00/ hr | $45.00 |
| 6/07/2018 | JAB | Draft email response to D's Counsel email from 5/25 re: finally request of Debtor's tax refund, will intercept if no settlement, can't accept 7k offer without information on Tax Refund, request tax refund (.5) | 0.50<br>$450.00/ hr | $225.00 |
| 6/13/2018 | JMM | Open case file and jacket for case, update MFL (.3) | 0.00<br>$195.00/ hr | $0.00 |
| 6/19/2018 | JAB | Review email from D's Counsel re: acceptance of settlement agmt | 0.10<br>$450.00/ hr | $45.00 |
| 7/10/2018 | RKP | Review case file for information needed to prepare TIR (.2); and update forms for TIR (.2) | 0.40<br>$195.00/ hr | $78.00 |
| 7/12/2018 | JMM | Review letter and check sent from Debtor's atty re: settlement, discuss same with JAB (.1), Request EIN from IRS (.1), Open new bank account in IQ7 and deposit check into IQ7 (.1), Deposit check with TCB via scanner (.1) | 0.40<br>$195.00/ hr | $78.00 |
| 7/20/2018 | RKP | Review docket to verify if amended schedules filed in order to ensure Form 1 accurate in preparation of TFR (.1); review issues with Form 1 and 2 (.1); draft memo to J. Baldi and M. Evans (.2) | 0.40<br>$195.00/ hr | $78.00 |
| 8/14/2018 | JMM | Process July 2018 TCB Bank Statement (.1) Reconcile Bank Statement with IQ7 (.1) | 0.20<br>$195.00/ hr | $39.00 |

**Baldi Berg, Ltd**                                                                  9/04/2018

Lam, Q - Trustee Matters                                                    Page    3

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 8/16/2018 | JAB | Review and approve July 2018 Bank Statement | 0.10<br>$450.00/ hr | $45.00 |
| 8/20/2018 | JAB | Review Claims in preparation of TFR (.4), Discuss case and preparation of TFR with JMM (.1) | 0.50<br>$450.00/ hr | $225.00 |
| 8/21/2018 | JMM | Draft Trustee Fee Application (1.1), Prepare coversheet, affidavit and proposed order (.3) | 1.40<br>$195.00/ hr | $273.00 |
| 8/22/2018 | JMM | Prepare TFR (.8) and NFR (.2), Review and edit TR Final Report Package (.4) | 1.40<br>$195.00/ hr | $273.00 |

|  |  |
|---|---|
| Total Fees | $2,208.00 |
| Total New Charges | $2,208.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,208.00 |

***Timekeeper Summary***

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 3.00 | $450.00 |
| Jason M Manola | 3.60 | $195.00 |
| Ricki K Podorovsky | 0.80 | $195.00 |
|  | 7.40 *(handwritten)* |  |

**Trustee's Final Fee Application**  **Quyen D. Lam, Debtor**
**Case No. 18-04422**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Quyen D. Lam, | ) | Case No. 18-04422 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation and Expense Reimbursement of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services and incurred the expenses set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation or expense reimbursement to be received for services rendered or expenses incurred in connection with this matter, except among the principals and associates of Baldi, Berg, Ltd., a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered or reimbursement for expenses incurred in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on August 30th, 2018

_____
Notary Public

"OFFICIAL SEAL"
Jason M Manola
Notary Public, State of Illinois
My Commission Expires 11/1/2019

**Exhibit B**